IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

KENNETH TARRELL PENTON,
      Petitioner,

v.                            Case No.  3:12cv176/RV/CJK

MICHAEL D. CREWS,
      Respondent.
_____

## REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as untimely, submitting relevant portions of the state court record. (Doc. 17). Petitioner responds in opposition to dismissal. (Doc. 22). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

In April of 2005, petitioner was charged in the Circuit Court for Escambia County Florida, with one count of Burglary of a Dwelling while Armed with a

Dangerous Weapon (Count 1), two counts of Possession of a Firearm by a Convicted Felon (Counts 2 and 3) and two counts of Grand Theft (Counts 4 and 5). (Doc. 17, Ex. A, pp. 1-2).[1] Petitioner went to trial on the burglary count and was convicted as charged. (*Id*., p. 104). Petitioner pled guilty to the remaining counts. (Ex. B, p. 209). Petitioner was sentenced to natural life in prison as a Prison Releasee Reoffender ("PRR") for the burglary. (Ex. A, pp. 157, 162-63; Ex. B, pp. 209-18). Petitioner was sentenced on Counts 2 and 3 to 60.9 months imprisonment on each count, to run concurrent with each other and concurrent with the life sentence. (*Id*.). Petitioner was sentenced to the same with regard to Counts 4 and 5. (*Id*.). On April 1, 2008, the Florida First District Court of Appeal ("First DCA") affirmed petitioner's judgment of conviction, per curiam, without a written opinion. *Penton v. State*, 977 So. 2d 584 (Fla. 1st DCA 2008) (Table) (copy at Ex. J).

On April 12, 2010, petitioner filed a counseled motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. (Ex. K, pp. 1-8). The state court held an evidentiary hearing (*id*., pp. 38-79), and denied relief on December 22, 2010. (*Id*., pp. 80-92). The First DCA affirmed without a written opinion. *Penton v. State*, 75 So. 3d 725 (Fla. 1st DCA 2011) (Table) (copy at Ex. N). The mandate issued December 13, 2011. (Ex. P).

Petitioner filed the instant federal habeas petition on April 4, 2012. (Doc. 1, p. 1).

## TIMELINESS

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the

---

[1]All references to exhibits will be to those provided at Doc. 17, unless otherwise noted.

AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28

U.S.C. § 2244(d)(1).

The First DCA affirmed petitioner's judgment of conviction on April 1, 2008. Petitioner did not seek review of his conviction in the United States Supreme Court. Accordingly, petitioner's conviction became "final" for purposes of § 2244 on June 30, 2008, when the ninety-day period for seeking certiorari from the Supreme Court expired.[2] *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court). The federal habeas limitations period began to run on June 30, 2008, and expired on July 1, 2009, one year from the day after petitioner's judgment became final, in the absence of tolling. *See McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the date after the judgment became "final" under § 2244(d)(1)); *Johnson v. Fla. Dep't of Corr.*, 513 F.3d 1328, 1331 (11th Cir. 2008) (same).

The record reveals that petitioner had no properly filed applications for state postconviction or other collateral review pending during the critical period of June 30, 2008 to July 1, 2009. Petitioner's Rule 3.850 motion for postconviction relief did not trigger the tolling benefit of § 2244(d)(2), because it was filed after the AEDPA's limitation period expired. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations

---

[2]The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate. *See* SUP. CT. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Webster v. Moore*, 199 F.3d 1256, 1269 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

Petitioner's federal habeas petition, filed April 4, 2012, is untimely. Petitioner concedes that his petition is untimely and that it should have been filed by July 1, 2009. (Doc. 22, pp. 1-2). Petitioner also concedes that because his Rule 3.850 motion was not filed until April of 2010, he cannot claim statutory tolling under § 2244(d)(2) for any of the time that state collateral proceeding was pending. (Doc. 22, pp. 1-2). Petitioner's sole contention is that he is entitled to equitable tolling. (*Id.*, pp. 2-5).

## EQUITABLE TOLLING

"[A federal habeas] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). The diligence required is "reasonable diligence," not "maximum feasible diligence." *Holland*, 130 S. Ct. at 2565. "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633

F.3d 1257, 1268 (11th Cir. 2011) (*citing Drew v. Dep't of Corr*., 297 F.3d 1278, 1286 (11th Cir. 2002)). At a minimum, the petitioner "must plead or proffer enough facts that, if true, would justify an evidentiary hearing on the issue." *Hutchinson v. Florida*, 677 F.3d 1097, 1099 (11th Cir. 2012) (*citing Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1060 (11th Cir. 2011)). "[T]he allegations supporting equitable tolling must be specific and not conclusory." *Hutchinson*, 677 F.3d at 1099 (*citing Chavez* at 1061).

Petitioner alleges in support of his request for equitable tolling that in May of 2008, his mother retained postconviction counsel (Mr. Sutherland) to prepare a Rule 3.850 motion. (Doc. 22, p. 3 and Ex. C, p. 1 ¶ 3). Petitioner alleges that he personally wrote to Mr. Sutherland on May 22, 2008, December 10, 2008, July 29, 2009, and September 7, 2009 "to inquire about the progress in preparing the motion or to express [petitioner's] desire for the rule 3.850 – motion to be filed in a timely manner so that all [petitioner's] federal appellate rights would be preserved." (Doc. 22, pp. 3-4 and Ex. C, p. 1 ¶ 4). Petitioner further asserts that during a visit with his mother, he (petitioner) expressed to her "his concerns about Mr. Sutherland taking too long to complete his motion", and that in response to petitioner's concern petitioner's mother called Mr. Sutherland on July 15, 2009, "restating [petitioner's] concerns and express[ing] that [petitioner] wanted his rule 3.850 motion to be completed sooner." (Doc. 22, p. 4 and Ex. C, p. 2 ¶ 5). Petitioner asserts that Mr. Sutherland did not complete the Rule 3.850 motion until March of 2010, and did not file it until April of 2010. (*Id*.). Petitioner has attached to his reply a copy of a letter addressed to him from Mr. Sutherland dated March 8, 2010, in which Mr. Sutherland details his review of petitioner's file and identifies two possible grounds for postconviction relief.

(Doc. 22, Ex. A).  Petitioner has also attached a notarized, but unsworn, statement from his mother, Tammy D. Penton, dated July 10, 2012, in which Ms. Penton states:

> I hired Mr. Sutherland to represent my son on his post-conviction motion 3.850 in April of 2008.  I began making payments as initially agreed.  During the time Mr. Sutherland became extremely difficult to reach and even harder to get in co-operation.
>
> Myself and my son advised Mr. Sutherland that we did not want to let the dead line for Kenneth's federal habeas corpus motion to expire, in case we needed that option to seek relief.  Mr. Sutherland responded that he was not hired to do such a motion and when I tried to further discuss the issue, my concerns were pushed aside repeatedly.
>
> Mr. Sutherland's actions seemed very unprofessional, and had I had the money to fire him and find someone else to represent my son I would have done so.  My son is in dire need of help so he will be able to come home to his family, who need him desperately.

(Doc. 22, Ex. B).  Petitioner's final attachment is an affidavit in which petitioner attests to the facts outlined above, namely:  (1) that Mr. Sutherland was retained by petitioner's mother in May of 2008 to file a postconviction motion on petitioner's behalf; (2) that on May 22, 2008, December 10, 2008, July 29, 2009, and September 7, 2009, petitioner wrote Mr. Sutherland "expressing [his] concerns regarding the running of 28 U.S.C. § 2244(d)(1)'s one-year limitations period"; (3) that petitioner expressed to his mother concerns about Mr. Sutherland taking too long to complete petitioner's Rule 3.850 motion; (4) that Mr. Sutherland did not complete petitioner's Rule 3.850 motion until March of 2010 and did not file it until April of 2010; (5) that "Mr. Sutherland did not file my rule 3.850 motion until April 5, 2010, over 210-days after he promised my mother that he would do so" and that "if Mr. Sutherland had not lied to me I would have discharged him and personally filed my initial rule 3.850

motion before July 1, 2008 [sic]." (Doc. 22, Ex. C). Petitioner asserts that he exercised diligence in pursuing his rights, because he submitted his federal habeas petition three months after the mandate issued in his Rule 3.850 appeal. (Doc. 22, p. 5).

Even assuming petitioner's allegations are true, they demonstrate neither reasonable diligence nor extraordinary circumstances. The "act of retaining an attorney does not absolve the petitioner of his responsibility for overseeing the attorney's conduct or the preparation of the petition." *Doe v. Menefee*, 391 F.3d 17, 175 (2d Cir. 2004); *Manning v. Epps*, 688 F.3d 177, 185 (5th Cir. 2012) ("[P]etitioners seeking to establish due diligence must exercise diligence even when they receive inadequate legal representation."). Petitioner acknowledges that he knew his conviction had become final and that he was aware of the one-year limitation period. Petitioner also concedes that he wrote Mr. Sutherland only twice (May 22, 2008 and December 10, 2008) prior to the limitations period expiring on July 1, 2009. After petitioner wrote Mr. Sutherland in December of 2008, petitioner made no effort to pursue his rights during the seven months remaining on the limitation period, and allowed the July 1, 2009 deadline to pass without remark. Petitioner's inaction stands in stark contrast to the petitioner's actions in *Holland*. In finding that Mr. Holland exercised reasonable diligence, the Supreme Court recounted that Mr. Holland:

> not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins [postconviction counsel] – the central impediment to the pursuit of his legal remedy – removed from his case. And, the very day that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court.

*Holland*, 130 S. Ct. at 2565. Petitioner's failure to act with reasonable diligence to pursue his rights while the federal habeas limitations clock was running precludes equitable tolling.

Even if petitioner established diligence, equitable tolling would not be warranted because petitioner has not established that Mr. Sutherland's failure to proceed promptly in filing a Rule 3.850 motion rises to the level of an "extraordinary circumstance" as contemplated by the *Holland* Court. *See Chavez*, 647 F.3d at 1071 (holding that postconviction counsel's failure to "proceed promptly" in filing a state postconviction motion, which led to the expiration of the federal limitations period, was not the type of attorney misconduct that would trigger equitable tolling). "In virtually every case where the issue of equitable tolling comes up one or more attorneys should have acted with more dispatch, but more than that is required." *Chavez* at 1071. Petitioner states that he informed Mr. Sutherland of § 2244(d)(1) and expressed a desire that Mr. Sutherland file the Rule 3.850 motion within the one-year limitation period, but neither petitioner nor his mother asserts that Mr. Sutherland agreed to do that. To the contrary, Mr Sutherland apparently indicated to petitioner's mother that his representation did not contemplate petitioner's pursuit of federal habeas relief and he would not concern himself with that issue.

Petitioner also references his reliance on a "promise" by Mr. Sutherland. Petitioner asserts that "Mr. Sutherland did not file my rule 3.850 motion until April 5, 2010, over 210-days after he promised my mother that he would do so", and that "if Mr. Sutherland had not lied to me I would have discharged him and personally filed my initial rule 3.850 motion before July 1, 2008 [sic]". (Doc. 22, Ex. C, p. 2 ¶¶ 7-8). Although petitioner does not describe Sutherland's alleged "promise" in detail,

even assuming to petitioner's benefit that the promise was that Mr. Sutherland would file the Rule 3.850 motion immediately upon making the promise, Sutherland's "promise" could not have affected petitioner's federal habeas rights, because according to petitioner's own time line it was made <u>after</u> the limitation period expired on July 1, 2009.  Two-hundred-ten days is roughly seven months, which would date Sutherland's alleged promise to somewhere in early September of 2009.  Even assuming further to petitioner's benefit that Sutherland's alleged promise was made during the July 15, 2009 telephone conversation between Sutherland and petitioner's mother, that promise was also too late to have affected the limitations period.  Because petitioner has not shown a causal connection between Mr. Sutherland's alleged "promise" or "lie", and the untimely filing of his federal habeas petition, that conduct cannot provide a basis for equitable tolling.  *See San Martin*, 633 F.3d at 1267 (holding that a petitioner must "show a causal connection between the alleged extraordinary circumstances and the late filing of the federal habeas petition.").

CONCLUSION

Petitioner's federal habeas petition is untimely.  Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period.  The facts petitioner alleges, when taken as true, do not show that petitioner acted with reasonable diligence in pursing his rights and do not show that extraordinary circumstances prevented the timely filing of his habeas petition.  Petitioner's failure to timely file his petition requires dismissal of this case.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 17) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentences in *State of Florida v. Kenneth Tarrell Penton* in the Circuit Court for Escambia County, Florida, Case No. 05-1572, be DISMISSED WITH PREJUDICE, and the Clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 19th day of April, 2013.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).